Case 2:18-cv-00159 Document 10 Filed on 07/05/18 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN RYAN CHAMBLEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-159 |
| | § | |
| SAN PATRICIO COUNTY TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff John Ryan Chamblee is an inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. For purposes of screening, Plaintiff has stated a due process claim against **San Patricio County, Texas**. The undersigned will order service on this defendant. The undersigned further recommends that any remaining claims against San Patricio County and all claims against the City of Aransas Pass, Texas be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND ALLEGATIONS

Plaintiff is a currently confined at the San Patricio County Jail (SPCJ) in Sinton, Texas.  In this civil rights action, Plaintiff sues San Patricio County, Texas and the City of Aransas Pass, Texas.  Plaintiff alleges that he was arrested on January 25, 2017, and held in custody at the SPCJ on charges of burglary of a habitation and unauthorized use of a motor vehicle.  He primarily claims his constitutional rights were violated when he was held in custody well after the date these charges were dismissed.  In addition to seeking monetary relief for the days he was incarcerated past the time his charges were dismissed, Plaintiff asks the Court to overturn and throw out his "C.P.S" case.

A *Spears*[1] hearing was conducted on June 13, 2018.  The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):  Plaintiff is currently in custody at the SPCJ on a charge of burglary of a habitation following an arrest on April 24, 2018.  Plaintiff, however, did not know the basis for his current burglary charge and has not yet been indicted.  His current burglary charge, however, is separate from the charges that are the subject matter of this case.

Plaintiff testified that the charges leading to his arrest on January 25, 2017 were based on his borrowing a motorcycle on the same day.  According to Plaintiff, he had permission from a friend to borrow the motorcycle and was stopped by police officers from the City of Aransas Pass because the motorcycle did not have license plates on it. After searching Plaintiff's name, the officers discovered that Plaintiff had an outstanding

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

arrest warrant from San Patricio County for failure to appear in court.[2] Plaintiff was subsequently arrested and taken into custody by the Aransas Pass police officers.

Following his arrest on January 25, 2017, Plaintiff was initially taken to the city jail where he was housed for the next two to three days. Thereafter, Plaintiff was transferred to the SPCJ and held on charges of burglary of a habitation and unauthorized use of a motor vehicle. Plaintiff indicated that bond was set but could he not remember the amount of the bond. No formal indictment or written criminal complaint was brought against Plaintiff on these charges.

Plaintiff testified that the burglary and unauthorized use of a motor vehicle charges were dismissed on March 22, 2017. Plaintiff, however, was housed in the SPCJ for 110 days and was not released until May 15, 2017. Thus, Plaintiff asserts he was held in custody by San Patricio County for 54 days without any good cause. He believes that this time in incarceration caused him to lose everything, including his children and career. Plaintiff further testified that other detainees had spent time in custody at the SPCJ beyond the time legally authorized for them to be kept in custody.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[2] Plaintiff testified he did not know whether his failure-to-appear charge had ever been resolved. Plaintiff further testified that he was arrested on several occasions between August 29, 2017 and April 24, 2018. Plaintiff, however, asserts no claim with respect to both his failure-to-arrest charge and the charges arising from his various arrests between August 29, 2017 and April 24, 2018.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### IV. DISCUSSION

Plaintiff complains about his arrest on January 25, 2017 by City of Aransas police officers on charges of burglary of a habitation and unauthorized use of a vehicle. He primarily claims that his constitutional rights were violated when he was held in custody for 54 days after these charges were dismissed on March 22, 2017.

#### A. Fourth Amendment

The undersigned first will consider whether Plaintiff has stated a Fourth Amendment claim for either false arrest or false imprisonment. In order to state a false arrest claim under the Fourth Amendment, Plaintiff must allege that the arresting officers lacked probable cause to effectuate the arrest. *See Evans v. City of Meridian Miss.*, 630 F. App'x 312, 315 (5th Cir. 2015); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Plaintiff acknowledges that he was stopped by city police officers because: (1) he was

driving a motorcycle that lacked license plates; and (2) a search of his name revealed an outstanding warrant for failure to appear. Because the arresting officers had probable cause to arrest Plaintiff pursuant to his outstanding warrant, he fails to state a Fourth Amendment false arrest claim.

As a companion claim to false arrest, a claim of false imprisonment under the Fourth Amendment generally involves detention without legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). The Fifth Circuit Court of Appeals has held that "Fourth Amendment claims are appropriate when the complaint contests the method or basis of the arrest and seizure of a person." *Brooks v. George County, Miss.*, 84 F.3d 157, 166 (5th Cir. 1996). However, "once the incidents of a valid arrest have long since been completed and the pretrial detainee remains in detention, the Fourth Amendment no longer applies when the challenge is solely to continued incarceration." *Id.*

In this case, Plaintiff alleges nothing to suggest that his seizure immediately following his arrest was improper as he was taken into custody pursuant to a valid arrest warrant. Plaintiff primarily challenges his continued incarceration beyond the date the charges stemming from his January 25, 2017 arrest were dismissed on March 22, 2017. Because the Fourth Amendment no longer applies in such a context, Plaintiff has failed to state a plausible false imprisonment claim under the Fourth Amendment. *Id.* The undersigned respectfully recommends, therefore, that Plaintiff's Fourth Amendment claims against Defendants be dismissed for failure to state a claim and/or as frivolous.

### B. Due Process

Rather than the Fourth Amendment, the Due Process Clause of the Fourteenth Amendment is the appropriate constitutional provision implicated by Plaintiff's allegations. *Brooks*, 84 F.3d at 166. *See also Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1998) (recognizing that the Fourteenth Amendment's due process clause begins to protect persons "*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time") (emphasis in original). The Fifth Circuit specifically recognizes "that the due process clause is implicated in cases of continued incarceration without an initial appearance, *or after charges are dropped*, or beyond the term of a court-ordered sentence, or in the face of exculpatory evidence." *Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010) (emphasis supplied).

Plaintiff alleges that he was detained in the SPCJ for a total of 110 days, including 54 days after the charges arising from the January 25, 2017 arrest were dismissed. His allegations further suggest that no legal process, authority, or justification existed for his extra 54-day detention. Accordingly, Plaintiff has stated a plausible due process claim with respect to his continued incarceration. Plaintiff has not named any individual official as responsible for keeping him in detention for this 54-day period. Thus, the undersigned turns to considers whether Plaintiff may bring his due process claim against one or both of the two named municipalities, the City of Aransas Pass and San Patricio County.

A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc).

Plaintiff testified at the *Spears* hearing that he believes other detainees have spent time in custody at the SPCJ beyond the time legally authorized for them to be kept in custody. His testimony suggests that a custom or practice may have been in place at the

SPCJ whereby detainees were kept in custody for certain periods of time after dismissal of their charges. Plaintiff's allegations only implicate San Patricio County as it employs the SPCJ officials where Plaintiff was held in custody during the relevant time period. He has failed to state a constitutional violation against a City of Aransas Pass employee or otherwise identify a municipal policy or custom attributable to the City of Aransas Pass. Accordingly, it is respectfully recommended that Plaintiff's due process claim be retained only against San Patricio County.

## V. CONCLUSION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a due process claim against San Patricio County. Accordingly, it is respectfully recommended that this claim be **RETAINED.** The undersigned will order service as to this defendant by separate order. It is respectfully recommended further that any remaining claims against San Patricio County and all claims against the City of Aransas Pass be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 5th day of July, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).