United States District Court
Southern District of Texas
**ENTERED**
March 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN RYAN CHAMBLEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-159 |
| | § | |
| SAN PATRICIO COUNTY TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION TO DISMISS

Plaintiff John Ryan Chamblee is an inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that his constitutional rights were violated when he was held in custody well after the date his state charges were dismissed. Pending before the Court is a motion to dismiss Plaintiff's complaint and amended complaint filed by San Patricio County, Sheriff Leroy Moody, and Jail Administrator Major E. Balderas. (D.E. 31). For the reasons stated herein, it is respectfully recommended that the Court **GRANT** this motion to dismiss.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

In his original complaint, Plaintiff sues San Patricio County, Texas and the City of Aransas Pass, Texas.  (D.E. 1).  Plaintiff alleges that he was arrested on January 25, 2017 and held in custody at the San Patricio County Jail (SPCJ) on charges of burglary of a habitation and unauthorized use of a motor vehicle.   He primarily claims his constitutional rights were violated when he was held in custody well after the date these charges were dismissed.   In addition to seeking monetary relief for the days he was incarcerated past the time his charges were dismissed, Plaintiff asks the Court to overturn and throw out his "C.P.S" case.

A *Spears*[1] hearing was held on June 13, 2013, where Plaintiff was given an opportunity to explain his claims.   On July 5, 2018, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court: (1) retain his due process claim against San Patricio County; and (2) dismiss any remaining claims against San Patricio County and all claims against the City of Aransas Pass for failure to state a claim for relief and/or as frivolous.  (D.E. 10).  The undersigned ordered service of Plaintiff's complaint on San Patricio County.  (D.E. 11).

On July 31, 2018, pursuant to Federal Rule of Civil Procedure 12(b)(6), San Patricio County filed a motion to dismiss.  (D.E. 15).  The undersigned subsequently granted Plaintiff until October 15, 2018 to file an amended complaint.  (D.E. 19).  On

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

September 26, 2018, Plaintiff filed an amended complaint and added the following defendants: (1) San Patricio County Sheriff Leroy Moody; and (2) Jail Administrator W. Balderas.  (D.E. 20).  The undersigned construes Plaintiff's amended complaint as suing these defendants in both their individual and official capacities.

On November 7, 2018, San Patricio County, Sheriff Moody, and Jail Administrator Balderas (collectively referred to herein as "Defendants") filed their motion to dismiss Plaintiff's original and amended complaints.  (D.E. 31).   As part of their motion to dismiss, San Patricio County incorporated and otherwise restated arguments previously advanced in its motion to dismiss.  (D.E. 31, pp. 4-6).  Thus, on January 2, 2019, the undersigned recommended that San Patricio County's motion to dismiss (D.E. 15) be denied as moot and superseded by Defendants' collective motion to dismiss.  On January 30, 2019, Plaintiff filed his response to the collective motion to dismiss.  (D.E. 43).

## III.    PLAINTIFF'S ALLEGATIONS

The following representations relevant to Plaintiff's claims against Defendants were made either in Plaintiff's original complaint (D.E. 1), amended complaint (D.E. 20) or at the *Spears* hearing:[2] Plaintiff is currently in custody at the Wynne Unit in Huntsville, Texas following a conviction on an unrelated charge.

Plaintiff testified that the charges leading to his arrest on January 25, 2017 were based on the taking of a vehicle from a residential garage on the same day.  According to

---

[2] Defendants and Plaintiff have also set forth additional facts regarding the prosecution of Plaintiff's state criminal case in the collective motion to dismiss and response, respectively.  (D.E. 31, p. 2; D.E. 43, p. 2).  Those facts, to the extent that Defendants and Plaintiff's recitation of same are consistent with each other, are also set forth in this section.

Plaintiff, he had permission from a friend to borrow a motorcycle and was stopped by police officers from the City of Aransas Pass because the motorcycle did not have license plates on it.  After searching Plaintiff's name, the officers discovered that Plaintiff had an outstanding arrest warrant against him from San Patricio County for failure to appear in court.[3]  Plaintiff was subsequently arrested and taken into custody by the city officers.

Following his arrest on January 25, 2017, Plaintiff was initially taken to the city jail where he was housed for the next two to three days.  Thereafter, Plaintiff was transferred to the SPCJ and held on charges of burglary of a habitation and unauthorized use of a motor vehicle.  On March 22, 2017, the District Attorneys' Office simultaneously filed a motion to dismiss these charges and order of dismissal in the Municipal Court for the City of Aransas Pass.  (D.E. 31, p. 2; D.E. 43, p. 2).  The order of dismissal was signed by Municipal Court Judge Morales.  (D.E. 31, p. 2).  Neither the San Patricio Sheriff's Office nor Plaintiff's counsel in the criminal proceeding received a copy of the order of dismissal.  (D.E. 31, p. 2; D.E. 43, p. 2).

Because he was not aware of the order of dismissal, Plaintiff's criminal defense attorney filed a writ of habeas corpus in the San Patricio District Court on April 28, 2017, seeking a bond modification.  (D.E. 31, p. 2, D.E. 43, p. 2).  A hearing on the writ was set for May 15, 2017, at which time the district court realized Plaintiff's burglary and unauthorized use of a motor vehicle charges had been previously dismissed and, therefore, signed a second order of dismissal.  (D.E. 31, p. 2; D.E. 43, p. 2).  The San

---

[3] Plaintiff testified that did not know whether his failure-to-appear charge had ever been resolved.  Plaintiff further testified that he was arrested on several occasions between August 29, 2017 and April 24, 2018.  Plaintiff, however, asserts no claim with respect to both his failure-to-appear charge and the charges arising from his various arrests between August 29, 2017 and April 24, 2018.

Patricio Sheriff's Department received the second dismissal that same day and released Plaintiff immediately.  (D.E. 32, p. 2, D.E. 43, p. 2).

Plaintiff asserts that he was held in custody at the SPCJ for 54 days without good cause because: (1) his burglary and unauthorized use of a motor vehicle charges were dismissed on March 22, 2017; and (2) Plaintiff was not released from the SPCJ until May 15, 2017.  According to Plaintiff in his amended complaint, his "official criminal record with the San Patricio County 'Sheriff' stamp shows and proves that … Plaintiff and [Defendants Moody and Balderas], share an affirmative link, between them and the improper conduct and their performance of special duties."  (D.E. 20, p. 1).  Plaintiff believes that this additional time in incarceration caused him to lose everything, including his children and career.  Plaintiff further testified that other detainees had spent time in custody at the SPCJ beyond the time legally authorized for them to be kept in custody.

## IV.    LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.   DISCUSSION

The Due Process Clause of the Fourteenth Amendment is the appropriate constitutional provision implicated by Plaintiff's allegations. *Brooks v. George County, Miss.*, 84 F.3d 157, 166 (5th Cir. 1996). *See also Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1998) (recognizing that the Fourteenth Amendment's due process clause begins to protect persons "*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time") (emphasis in original). The Fifth Circuit specifically recognizes "that the due process clause is implicated in cases of continued incarceration without an initial appearance, *or after charges are dropped*, or

beyond the term of a court-ordered sentence, or in the face of exculpatory evidence." *Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010) (emphasis supplied).

Plaintiff alleges that he was detained in the SPCJ for a total of 110 days, including 54 days after the charges arising from the January 25, 2017 arrest were dismissed. His allegations suggest that no legal process, authority, or justification existed for his extra 54-day detention. In addition to naming San Patricio County, Plaintiff also sues Sheriff Moody and Major Balderas in their individual and official capacities. The undersigned will now turn to consider whether Plaintiff has stated a plausible due process claim against these defendants with respect to his 54-day incarceration after his charges were dismissed.

### A.   Official Capacity Claims and Municipal Liability

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Plaintiff's suit against Defendants Moody and Balderas in their official capacities, therefore, is effectively a suit against that official's office, San Patricio County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because San Patricio County is already a named defendant in this case, the claims against San Patricio County and the individual defendants in their official capacities are construed as one claim against San Patricio County only. *See Short v. West*, No, EP-09-CV-264, 2010 WL 11538581, *4 n.3 (W.D. Tex. Oct. 13, 2010). Accordingly, the undersigned recommends

that Plaintiff's claims against Defendants Moody and Balderas in their official capacities be dismissed as repetitive.

The undersigned now considers Plaintiff's due process claim against San Patricio County. A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc). *See*

*also Piotrowski*, 237 F.3d at 578 ("[I]solated unconstitutional actions by municipal employees will almost never trigger liability").

Defendants contend that Plaintiff's due process claim against San Patricio County should be dismissed because Plaintiff has failed to state specific facts in support of his allegation that a custom or practice is the moving force behind the violation of Plaintiff's constitutional rights.  (D.E. 31, p. 5).  San Patricio County further contends that the incident involving Plaintiff's late release was an isolated incident due to negligence and not intentional conduct.  (D.E. 31, p. 5).

Plaintiff responds that Sheriff Moody and Major Balderas are policymakers "when it comes to policys [sic], procedures and rules involving the day to day running of the" SPCJ.  (D.E. 43, p. 4).  According to Plaintiff, these defendants "deliberate indifference to [Plaintiff's] constitutionally protected rights is the moving force of [his] civil rights complaint."  (D.E. 43, p. 4).

In his amended complaint, Plaintiff appears to base his premise that Sheriff Moody and Major Balderas are policymakers on the fact Sheriff Moody's name is stamped on his criminal records.  He provides no specific facts, however, indicating that either  Sheriff Moody and Major Balderas actually were the policymakers who enacted, implemented, or enforced SPCJ policies and procedures for releasing prisoners once charges were dismissed.

Even assuming that Plaintiff identified the proper policymakers, he fails to identify a specific policy, custom, or practice enacted or implemented by either Sheriff Moody or Major Balderas that led to keeping Plaintiff in custody for fifty-four days after his

charges were dismissed. *See Joiner v. Murphy*, No. 3:15-CV-304, 2016 WL 8792315, at *3 (S.D. Tex. Aug. 12, 2016) ("A plaintiff must identify a policymaker who enacted, implemented, or enforced the policy which led to the alleged constitutional violations"). Indeed, to survive a motion to dismiss, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. Texas City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff provides no specific facts either in his original complaint, amended complaint or at the *Spears* hearing to suggest that his due process rights were violated by an official policy or a wide-spread, long-standing custom or practice attributable to either Sheriff Moody or Major Balderas as policymakers.

Plaintiff testified at the *Spears* hearing that he believes other detainees have spent time in custody at the SPCJ beyond the time legally authorized for them to be kept in custody. Other than this conclusory speculation, Plaintiff provides no specific facts identifying these detainees or otherwise indicating that the detainees' stay in custody after charges were dropped were due to a policy or custom. The isolated incident described by Plaintiff regarding his own incarceration at the SPCJ is insufficient to infer the presence of an official policy or custom. *See Bennett*, 728 F.2d at 768 n. 3; *Jones v. City of Mesquite, Texas*, No. 3:18-CV-0117, 2018 WL 3853714, at *5 (N.D. Tex. Jul. 25, 2018). Because Plaintiff has failed to state a plausible claim of municipal liability against San Patricio County, the undersigned respectfully recommends that Defendants' collective motion to dismiss be granted on this issue and that Plaintiff's claims against San Patricio County be dismissed with prejudice.

### B.   Sheriff Moody and Major Balderas in their Individual Capacities

Defendants assert that Sheriff Moody and Major Balderas are entitled to qualified immunity in their individual capacities with respect to Plaintiff's due process claim. (D.E. 31, p. 6).  Defendants contend that Plaintiff has failed to allege Sheriff Moody or Major Balderas acted in any way to violate Plaintiff's constitutional rights as they were not personally involved in the handling of the order of dismissal issued on March 22, 2017.  (D.E. 31, pp. 7-9).  Plaintiff responds that the conduct and/or "lack of action" by Sheriff Moody and Major Balderas "violated a known, established, and clear constitutional right" of Plaintiff.  (D.E. 43, p. 5).

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

To discharge this burden, the plaintiff must satisfy a two-prong test."  *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005).  First, he must claim that the defendants committed a constitutional violation under current law.  *Id.* (citation omitted). Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.  *Id.*  While it will often be appropriate to conduct the qualified immunity analysis by first determining

whether a constitutional violation occurred and then determining whether the constitutional right was clearly established, that ordering of the analytical steps is no longer mandatory. *Pearson*, 555 U.S. at 236 (receding from *Saucier v. Katz*, 533 U.S. 194 (2001)).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation. *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Thompkins*, 828 F.2d at 304).

Plaintiff alleges in his amended complaint that the criminal records show that Sheriff Moody's stamp is on his criminal records and that, therefore, an affirmative link exists between the individual defendants and the performance of their duties. (D.E. 20, p. 1). At best, Plaintiff's allegations in his pleadings suggest that his continued incarceration beyond the time his charges were dropped was due either to mistake or negligence. He fails to allege facts to indicate that either Sheriff Moody or Major Balderas were aware of Plaintiff's continued incarceration beyond the time his charges were dropped. Plaintiff's allegations otherwise fail to state that they had any personal

involvement with regard to Plaintiff's continued incarceration.    Absent allegations of personal involvement or a sufficient causal connection with the wrongful activity, Plaintiff cannot state a plausible due process claim against either Sheriff Moody of Major Balderas.  Because Plaintiff cannot overcome the defense of qualified immunity,[4] it is respectfully recommended that Defendants' collective motion to dismiss be granted on this issue and that Plaintiff's claims against Sheriff Moody and Major Balderas in their individual capacities be dismissed with prejudice.

## VI.    RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendants' collective Rule 12(b)(6) Motion to Dismiss (D.E. 31) be **GRANTED** and that Plaintiff's due process claims against: (1) Sheriff Moody and Major Balderas and Major Balderas in their official capacities be **DISMISSED** as repetitive of Plaintiff's due process claim against San Patricio County; and (2) San Patricio County and both Sheriff Moody and Major Balderas in their individual capacities be **DISMISSED with prejudice** for failure to state a plausible claim for relief.  Finally, it is recommended that final judgment be entered and that this case be closed.

ORDERED this 5th day of March 2019.

Jason B. Libby
United States Magistrate Judge

---

[4] Because Plaintiff has failed to state a constitutional violation as to Sheriff Moody or Major Balderas, it is unnecessary to examine whether his actions were objectively reasonable.  *See Saucier*, 533 U.S. at 201 (if the facts alleged do not establish that the officer's conduct violated a constitutional right, then the qualified immunity analysis need proceed no further and qualified immunity is appropriate).

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).